# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11449
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT BAGGOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-9

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Robert Baggott appeals the 188-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance, namely methamphetamine. Baggott argues that the district court clearly erred in calculating the drug quantity attributable to him because (1) two of his suppliers were incarcerated during some of the time he participated in the conspiracy and (2) there was no evidence to support the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extrapolation of drug purity from the samples of methamphetamine seized at the time of his arrest.

We review the district court's determination of the quantity of drugs attributable to a defendant, which is a factual finding, for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The incarceration records purporting to show that the sources of Baggott's methamphetamine were incarcerated at relevant periods and the interview excerpt from one of the sources are insufficient to show that the district court's drug quantity determination, which was amply supported by reliable information in the presentence report, was clearly erroneous. *See Betancourt*, 422 F.3d at 248. We also reject Baggott's contention that the court erred by extrapolating the drug purity from the samples seized when he was arrested. *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012).

The district court's findings regarding the drug quantity attributable to Baggott, as well as the purity level, were "plausible in light of the record as a whole." *Betancourt*, 422 F.3d at 246. Accordingly, the judgment of the district court is AFFIRMED.